IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS EUGENE SANNER,                )
                                     )
              Plaintiff,              )
                                     )
   -vs-                              )     Civil Action No.   14-8J
                                     )
CAROLYN W. COLVIN,                   )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
              Defendant.              )

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his application in March of 2011, alleging he had been disabled since January 1, 2011. (ECF No. 8-6, p. 7). Administrative Law Judge ("ALJ"), Geoffrey S. Casher, held a hearing on June 14, 2011. (ECF No. 8-2, pp. 26-45). On August 9, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 13-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

> B.    **Plaintiff's Physical Residual Functional Capacity (RFC)**

Plaintiff first argues that the ALJ failed to properly consider the opinion evidence from Dr. Victor Jabbour, M.D. related to his physical limitations. (ECF No. 11, pp. 6-12). As a result, Plaintiff submits that the ALJ's physical RFC finding did not include all of his physical limitations established by the record. *Id.* Thus, Plaintiff requests that the case be remanded. *Id.* After a review of the record and as more fully set forth below, I disagree.

The ALJ found that Plaintiff has the RFC to perform light work[1] with exceptions. (ECF

---

[1] Light work is defined as follows:
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §404.1567.

No. 8-2, pp. 16-23). Plaintiff argues that, according to the consultative examiner, Dr. Jabbour, and his own testimony, he is not capable of standing/walking 6 hours in an 8 hour work day. (ECF No. 11, pp. 8-9). To that end, Plaintiff submits that the ALJ erred in discounting the opinion of Dr. Jabbour that Plaintiff could only stand and walk for 1 hour in an 8 hour work day. *Id.* at pp. 9-12.

As Plaintiff points out, the ALJ justified his reasons for discounting Dr. Jabbour's opinion. (ECF No. 11, p. 10; No. 8-2, p. 23). The ALJ afforded minimal weight to Dr. Jabbour's opinions that Plaintiff was limited to lifting and carrying no more than 10 pounds, standing and walking 1 hour or less in an 8 hour day, sitting for 6 hours or less in an 8 hour day, and that Plaintiff was unable to climb because: 1) Dr. Jabbour's opinions are contradicted by his own objective findings, the opinions of Dr. Wyszomierski, Plaintiff's very conservative course of medical treatment, and Plaintiff's wide range of daily activities; 2) Dr. Jabbour's opinions are based on only one encounter with Plaintiff and do not reflect a longitudinal understanding of his condition; and 3) Dr. Jabbour's opinions were largely influenced by Plaintiff's subjective complaints. (ECF No. 8-2, p. 23).

Plaintiff first suggests that the rationale that Dr. Jabbour had a one-time encounter lacks merit. (ECF No. 11, pp. 10-11). I disagree. While it is true that consultative examiners are used every day and become the evidentiary basis for decisions, it does not mean that consultative examiners, necessarily, are to be given controlling weight. Rather, an ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. §§416.927(c)(2), 404.1527(c)(2). In this case, Dr. Jabbour did not have the prolonged and continuous longitudinal basis for making statements about Plaintiff that a typical treating doctor normally possesses.

4

Therefore, I find no error on the part of the ALJ for discounting Dr. Jabbour's opinion, in part, on this basis.

Next, Plaintiff argues that the ALJ erred when he discounted Dr. Jabbour's opinions on the basis that it "appears" they were largely influenced by Plaintiff's subjective complaints. (ECF No. 11, pp. 11-12). Again, I disagree. "[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted).

Additionally, as set forth above, these were not the only reasons why the ALJ discounted Dr. Jabbour's opinions. The ALJ also compared Dr. Jabbour's opinions to his own objective findings and the other evidence of record and found it to be in conflict. (ECF No. 8-2, p. 23). Evaluating conflicting evidence is the job of the ALJ. *See,* 20 C.F.R. §416.927 (Evaluating Opinion Evidence). Contrary to Plaintiff's opinion, the rationales for giving Dr. Jabbour's opinions minimal weight were valid and appropriate. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999); 20 C.F.R. § 416.927. Additionally, I find the ALJ's findings in this regard to be supported by substantial evidence. *See,* ECF No. 8-22, p. 21; No. 8-23, pp. 16, 19, 23, 26; No. 8-21, p. 5; No. 8-7, pp. 25-27; and No. 8-3, pp. 9-11 . Consequently, I find no error and remand is not warranted on this basis.

### C. Plaintiff's Mental RFC

Plaintiff argues that the ALJ's mental RFC finding is not supported by substantial evidence. (ECF No. 11, pp. 13-21). To support this assertion, Plaintiff argues that the ALJ substituted his own opinion for that of the consultative psychologist, Edward Haberman, Ph.D. *Id.* at p. 13. Moreover, Plaintiff suggests that the reasons stated by the ALJ for according Dr. Haberman little weight are belied by the evidence. *Id.* at pp. 14-21. After a review of the evidence, I disagree.

The amount of weight accorded to medical opinions is well-established. Generally, the

ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). Nonetheless, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

Here, the ALJ thoroughly went through evidence of record, including the opinions of Dr. Haberman and gave appropriate reasons for weighing such evidence. (ECF No. 8-2, pp. 16-23). Specifically, with regard to Dr. Haberman's opinion that Plaintiff had a marked limitation in responding appropriately to work pressures in a usual work setting, the ALJ afforded this opinion minimal weight because it was inconsistent with his own objective findings, with the opinion of non-examining state agency psychologist, Melissa Diorio, Psy.D., with Plaintiff's conservative course of mental health treatment, and with Plaintiff's wide range of daily activities. (ECF No. 8-2, pp. 22-23). These are all valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §416.927 (Evaluating Opinion Evidence).

Contrary to Plaintiff's opinion, I do not find that ALJ substituted his opinion for that of Dr. Haberman. Rather, after a review of the record, I find there is substantial evidence of record to support the ALJ's weighing of the opinion of Dr. Haberman. (ECF No. 8-22, pp. 7-16; No. 8-3, pp. 3-16; No. 8-23, pp. 2-35; No. 8-21, pp. 11-27; No. 8-20 pp. 44-47; and No. 8-7, pp. 23-30). Consequently, I find no error in this regard.

Plaintiff further suggests that the non-examining state agency psychologist, Dr. Diorio, "explicitly identified a significant limitation and (sic) concentration, persistence and pace which is not reflected in the ALJ's mental RFC." (ECF No. 11, p. 16). Upon review of the record, however, Dr. Diorio did not make such a finding. *See,* ECF No. 8-3, pp. 12-13. Rather, Dr. Diorio found Plaintiff either not significantly limited or only moderately limited in his concentration and persistence limitations and concluded as follows:

> The claimant is capable of working within a work schedule and at a consistent pace. The claimant is able to maintain concentration and attention for extended periods of time. The claimant would be able to maintain regular attendance and be punctual. The claimant would be expected to complete a normal week without exacerbation of psychological symptoms.

*Id.* at p. 13. Thus, I find not merit to this argument.

Additionally, Plaintiff argues that the ALJ's "'simple, routine' mental RFC does not, implicitly or explicitly, address the issue of concentration, persistence, and/or pace." (ECF No. 11, p. 17). I disagree. A review of the record reveals that the ALJ in this case thoroughly discussed the concentration, persistence and/or pace opinions and properly weighed them. *See,* ECF No. 8-2, p. 20-22.

Furthermore, contrary to Plaintiff's assertion, the ALJ specifically limited Plaintiff to "simple, routine tasks involving no more than simple, short instructions and simple, work related decisions with few work place changes, he must avoid work at a production rate pace, and he is limited to occasional interaction with the general public, co-workers, and supervisors. (ECF No. 8-2, p. 17). Such restrictions have repeatedly been found sufficient to accommodate limitations in concentration, persistence, and pace. *See, e.g., McDonald v. Astrue,* 293 F. App'x 941, 947-48 (3d Cir. 2008); *Menkes v. Astrue,* 262 F. App'x 410, 412 (3d Cir. 2008) ("The term 'simple routine tasks,' in the context of the disability proceedings, generally refers to the non-exertional or mental aspects of work. For example, performing a 'simple routine task' typically involves low stress level work that does not require maintaining sustained concentration....Having previously acknowledged that Menkes suffered moderate limitations in concentration, persistence and pace, the ALJ also accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.' "); *Watson v. Colvin,* No. 12-552, 2013 WL 5295708, *5 (W.D.Pa. Sept. 18, 2013); *Polardino v. Colvin,* No. 12–806, 2013 WL 4498981, *3 (W.D.Pa. Aug. 19, 2013) ("The Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks sufficiently accounts for a claimant's moderate limitations in concentration, persistence and

pace."); *Hart v. Colvin,* No. 13–5, 2013 WL 4786061, *9 (W.D.Pa. Sept.6, 2013) ("Hart's concentration-related difficulties were accommodated by the limitations permitting the performance of only simple, routine, repetitive tasks."). Consequently, I find no error in this regard.

I also agree with Defendant that Plaintiff's assertion that "work at production rate pace" applies only to physical limitations is specious. "Work at production rate pace" can apply to both physical and mental limitations. Thus, I find no error in including production rate pace restrictions within Plaintiff's mental RFC. Therefore, remand on this basis is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS EUGENE SANNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 14-8J |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 18th day of September, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge